WISHNICK-TUMPEER, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 59892.   Promulgated January 31, 1933.

*J. R. Little, Esq.*, for the petitioner.
*W. H. Payne, Esq.*, for the respondent.

OPINION.

Goodrich: The sole question presented for our decision is whether the Pioneer Asphalt Company is entitled to deduct from its income for the period November 1, 1928, to June 30, 1929, a net loss sustained by it in 1927.

In computing the taxable net income of the consolidated group for the taxable year 1929 the respondent has included therein the net income of the Pioneer Asphalt Company for the period January 1 to June 30, 1929, and has refused to deduct from its income for such period any part of the net loss sustained by it in 1927, on the ground that a return was required of the Pioneer Asphalt Company for the period November 1 to December 31, 1928, which period constituted the " third taxable year " in the application of the net loss sustained in 1927. We agree with this action.

Under section 141 (a) of the Revenue Act of 1928 the petitioner and its subsidiaries had the right to file a consolidated return and the filing of such return constituted an election and a consent to comply with the regulations of the Commissioner under section 141 (b). The petitioner here is the parent corporation, and before filing its return for the year 1929, it asked for and obtained permission to change its accounting period from a calendar year to a fiscal year ending June 30. This permission dated June 11, 1929, contained the provision that in order to effect the change the petitioner would be required to file a return covering the period January 1, 1929, to June 30, 1929. Thereafter, on September 16, 1929, the Pioneer Asphalt Company authorized and consented to the filing of a consolidated return on its behalf for the taxable year 1929. In

this consent it specifically agreed " to be bound by the provisions of regulations 75 prescribed prior to the making of this return." It is, therefore, apparent that at the time of filing a consolidated return for itself and subsidiaries for 1929 the petitioner knew that its return for the taxable year 1929 was limited to the period January 1 to June 30, 1929. It also knew that in electing to file a consolidated return both it and its subsidiaries consented to be bound by the Commissioner's Regulations 75, prescribed prior to the making of such return. Article 14 of Regulations 75 was so prescribed. It provides as follows:

The taxable year of the parent corporation shall be considered as the taxable year of an affiliated group which makes a consolidated return, and the consolidated net income must be computed on the basis of the taxable year of the parent corporation.

We think the consolidated return of petitioner and its affiliated corporations was limited to the period January 1 to June 30, 1929. There was, therefore, a return required of the Pioneer Asphalt Company for the period November 1, 1928, to December 31, 1928. This period constituted the " third taxable year " in the application of the net loss sustained by that company in 1927. Cf. *Weissberger Moving & Storage Co.*, 26 B. T. A. 1375; *Joseph & Feiss Co.*, 26 B. T. A. 1424; *Arnold Constable Corp.*, 26 B. T. A. 1427.

The determination of the respondent is sustained.

*Judgment will be entered for the respondent.*